UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH DALE CARKEET,

     Plaintiff,

v.                                                                    Case No. 6:18-cv-1939-Orl-37LRH

DIRECTOR, NATIONAL BENEFITS
CENTER, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES;
DIRECTOR, USCIS; and SECRETARY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

     Defendants.
_____

## ORDER

     In the instant action, Plaintiff Kenneth Carkeet sues Defendants over the denial of

his Petition for Alien Relative ("**Form I-130 Petition**") seeking permanent residence status

for his spouse Alejandro Sanguines Carkeet. (Doc. 1, ¶¶ 1, 10.) Plaintiff brings two counts

against Defendants. In Count One, Plaintiff seeks a declaration that: (1) Defendants

wrongfully denied his petition; or (2) alternatively, Defendants are infringing on his Fifth

Amendment right to equal protection. (*Id.* ¶¶ 23–27.) In Count Two, Plaintiff seeks a writ

of mandamus and injunctive relief compelling Defendants to adjudicate the application.

(*Id.* ¶¶ 28–31.) Defendants move to dismiss this case for lack of subject matter jurisdiction

and for failure to state a claim (Doc. 14 ("**Motion**")), which Plaintiff opposes (Doc. 16).

On review, the Motion is granted.

# I. BACKGROUND

This action centers on Defendants the U.S. Citizenship and Immigration Services ("**USCIS**") and the Department of Homeland Security ("**DHS**") application of the Adam Walsh Child Protection and Safety Act of 2006 ("**Adam Walsh Act**") to Plaintiff's Form I-130 Petition. (Doc. 1.) Among other things, the Adam Walsh Act prohibits U.S. citizens who have been convicted of any "specified offense against a minor" from filing a family-based visa petition on behalf of any beneficiary unless the Secretary of DHS, now delegated to USCIS, determines in its sole and unreviewable discretion that the petitioner poses no risk to the beneficiary. (Doc. 1-1, p. 10.) "Specified offense against a minor" includes possession, production, or distribution of child pornography. (*Id*. at 11.)

Plaintiff is a U.S. Citizen who has been married to Alejandro Carkeet, a citizen of Mexico, since August 1, 2013. (Doc. 1, ¶ 4.) After Plaintiff submitted his Form I-130 Petition to USCIS on behalf of his spouse, USCIS notified him that his petition may be subject to review under the Adam Walsh Act based on records it obtained that Plaintiff was arrested and prosecuted in the Netherlands for trafficking in child pornography. (Doc. 1, ¶¶ 4, 17–19; Doc. 1-1, pp. 92–93.) So USCIS requested additional evidence from Plaintiff, specifically certified copies of Plaintiff's arrest records and court dispositions, to evaluate the nature and circumstances of this charge. (*Id*.) Plaintiff responded that he couldn't obtain the requested records because Dutch law forbids sending written personal information to anyone. (*Id*. at 94–95.)

USCIS then sent Plaintiff a "Request for Evidence and Notice of Intent to Deny" thoroughly explaining the Adam Walsh Act, how it works, and what Plaintiff could

submit to prevent the denial of his Form I-130 Petition. (*Id.* at 10–14.) Specifically, USCIS stated, "The evidence you submit must clearly establish that either: (a) you were not convicted of violating Dutch Criminal Code, Article 240b; or (b) the offense for which you were convicted is not a 'specified offense against a minor' as set forth in Section 111(7) of the Adam Walsh Act." (*Id.* at 11.) To prove either, USCIS told Plaintiff he must submit: (1) certified copies of all police reports and court records relating to the offense; (2) any existing trial transcripts describing the nature and circumstances surrounding his offense, including information as to the specific age of the victim; and (3) the terms and conditions of his sentence, release, parole, probation, and any other related requirements. (*Id.* at 12.)

On the other hand, if Plaintiff was convicted of a "specified offense against a minor" as defined by the Adam Walsh Act, USCIS informed him that his petition "will be denied unless [he] submit[s] evidence that demonstrates, beyond any reasonable doubt, that [he] pose[s] no risk to the safety and well-being of the Beneficiary." (*Id.*) In making this "no risk" determination, USCIS informed Plaintiff that it would consider "all known factors" that were relevant "*including, but not limited to*: the nature, severity and circumstances of the conduct which led to [his] adjudication" and he "should submit evidence" such as "certified copies of all police reports and court records relating to the offense" for USCIS to complete this evaluation. (*Id.* (emphasis added).) At the end of the day, USCIS informed Plaintiff that "[i]n visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought." (*Id.* at 13 (citing *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966)).)

In response, Plaintiff submitted letters from family members, friends, and his counsel and evaluations from a psychologist and mental health counselor. (*Id.* at 4; *see id.* at 15–90.) He did not submit any copies of police reports, arrest records, or court records relating to the offense as required to establish that he was not convicted of violating the Dutch Criminal Code or that this conviction is not a specified offense against a minor. (*Id.* at 3–5.) Nor did he submit "documentary evidence" to support his counsel's assertion that it would be an undue burden to travel to the Netherlands to obtain these documents. (*Id.* at 4.) So, at the first step, USCIS found that Plaintiff failed to satisfy his burden of proof "to establish that he was not convicted . . . or that such a conviction is not a specified offense against a minor." (*Id.* at 4–5.)

Thus, "to avoid the denial of his family-based visa petition," USCIS turned its inquiry to whether Plaintiff submitted "evidence demonstrating, beyond any reasonable doubt, that he poses no risk to the Beneficiary of the petition." (*Id.* at 5.) This turned on several relevant factors: (1) the nature and severity of the offense; (2) Plaintiff's criminal history; (3) Plaintiff's completion of his sentence; (4) Plaintiff's relationship to the Beneficiary, the age and gender of the Beneficiary, and whether Plaintiff and the Beneficiary would be residing in the same household; (5) Plaintiff's completion of counseling or rehabilitation; and (6) Plaintiff's submission of certified evaluations. (*Id.* at 5–7.) Given the lack of evidence related to the underlying offense, USCIS was unable to evaluate the first and third factors. (*Id.*) It also gave little probative value to the counseling and rehabilitative evidence and Plaintiff's service record, which preceded the Netherlands charge. (*See id.*) Overall, USCIS concluded:

> Considering the nature and severity of [Plaintiff's] Adam Walsh Act qualifying offense, the complete absence of police and court records, the complete absence of Petitioner's terms and conditions of sentence, and the lack of any risk assessment for [Plaintiff] by a qualified mental health professional, [Plaintiff] failed to demonstrate that he poses "no risk" to the safety and well-being of the Beneficiary. Accordingly, the petition is denied.

(*Id.* at 7.)

USCIS informed Plaintiff of his right to appeal the decision. (*Id.* at 8.) He did not, instead filing a new petition for his spouse on May 9, 2018. (Doc. 1, ¶ 22.) USCIS issued a new request for criminal records from the Netherlands. (*Id.*) Plaintiff then initiated this action, bringing two claims against USCIS and DHS's directors. (Doc. 1.) First, he claims USCIS wrongfully applied the Adam Walsh Act to his Petition, as he "never conceded" that he has a qualifying conviction, and USCIS never identified a "source" for Plaintiff's conviction but required him to prove he hadn't been convicted. (*Id.* ¶ 24.) Then, assuming he had been convicted, Plaintiff claims that USCIS failed to follow its own implementing memorandum because the intended beneficiary is his spouse, not a child, and USCIS didn't consider whether the possession charge would make Plaintiff a risk to his spouse. (*Id.* ¶ 25.) Alternatively, Plaintiff contends Defendants "are infringing on his right to equal protection under the law under the Firth [sic] Amendment to the U.S. Constitution" because it is irrational to apply the Adam Walsh Act to a spousal petition. (*Id.* ¶ 27.) Second, he seeks a writ of mandamus from this Court compelling Defendants to properly adjudicate his I-130 Petition. (*Id.* ¶¶ 28–31.) Defendants have moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. 14.) With Plaintiff's response (Doc. 16), the matter is ripe.

## II.    LEGAL STANDARDS

### A.   Rule 12(b)(1)

Federal courts have limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations and internal quotation marks omitted). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction, and a factual attack under that rule raises that challenge "irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). In resolving a 12(b)(1) factual attack, a court is "free to independently weigh facts" and consider evidence outside of the pleadings, so long as its conclusions do not implicate the merits of the plaintiff's claims. *Id.* at 925. Courts are to presume that they lack subject-matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations and internal quotation marks omitted).

### B.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)

(alterations and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## III.    ANALYSIS

Broken down, the Court construes the Complaint as bringing two challenges to USCIS's decision to deny his Form I-130 Petition. First are Plaintiff's challenges to Defendants' handling of his application—both by applying the Adam Walsh Act and not properly assessing Plaintiff's risk to the beneficiary. (Doc. 1, ¶¶ 24–27, Doc. 16, pp. 3–5.) Second is Plaintiff's constitutional claim that applying the Adam Walsh Act to his Petition violates equal protection because he is in a same sex couple. (Doc. 1, ¶ 27 (citing *Bolling v. Sharpe*, 347 U.S. 497 (1954)), Doc. 16, pp. 6–7.) The Court first analyzes jurisdiction.

## A.    Subject Matter Jurisdiction

"Federal courts lack jurisdiction to review discretionary denials of immigration benefits." *Bourdon v. Sessions*, Case No. 9:17-CV-80207-Rosenberg/Hopkins, 2017 WL 5187833, at *3 (S.D. Fla. Nov. 8, 2017) (citing 8 U.S.C. § 1252(a)(2)(B)). This includes a decision to grant or deny a Form I-130 Petition—under 8 U.S.C. § 1154(a)(1)(A)(viii), USCIS has "sole" authority to determine in its "unreviewable discretion" whether a petitioner with an Adam Walsh Act conviction has established that he poses "no risk" to the beneficiary. *See id.* This "includes not only the ultimate determination of whether a petitioner has met his burden of proving 'no risk' to the petitioner's beneficiary, but also

the agency's decision-making process." *Id.* at *4. (first citing *Bremer v. Johnson*, 834 F.3d 925, 930 (8th Cir. 2016); then citing *Struniak v. Lynch*, 159 F. Supp. 3d 643, 653–55 (E.D. Va. 2016)).

Here, Plaintiff takes issue with USCIS applying the Adam Walsh Act to him[1] and how it assessed whether Plaintiff posed "no risk" to the beneficiary, Plaintiff's adult spouse. (Doc. 1, ¶¶ 24–27; Doc. 16, pp. 3–5.) He claims this is reviewable because it's about USCIS following the proper procedure in applying the Adam Walsh Act to his petition, not the ultimate disposition. (Doc. 16, p. 3.) Yet this two-step doesn't work: "A plaintiff cannot evade the jurisdiction-restricting provisions of § 1252(a)(2)(B) by attacking an agency's deliberation of evidence . . . rather than the ultimate outcome of that deliberation." *Bourdon*, 2017 WL 5187833, at *4. The same goes for challenges to the "beyond a reasonable doubt" burden of proof USCIS applies in reviewing Form I-130 Petitions. *Id.* at *4–5. Both fall within the scope of the "no risk" determination made under § 1154(a)(1)(A)(viii), meaning the Court lacks jurisdiction over such challenges. *Id.* at *5.

---

[1] The Court finds no merit to Plaintiff's gripe that USCIS didn't identify the "source" of its information to apply the Adam Walsh Act to his Petition. (Doc. 1, ¶ 24; Doc. 16, pp. 3–4.) As explained in *Suhail v. U.S. Att'y Gen.*, No. 15-CV-12595, 2015 WL 7016340, at *5–7 (E.D. Mich. Nov. 12, 2015), USCIS derives such information from the administrative inspection it performs on each petition, which includes an Interagency Border Inspection System. If this check "reveals a hit" for any potential offense covered by the Adam Walsh Act, USCIS may issue a Request for Evidence and seek fingerprints. *Id.* at *6. If the evidence or fingerprint results reveal no conviction of a specified offense against a minor, then the adjudication process proceeds normally under 8 C.F.R. 204. *Id.* But if the results and evidence indicate a conviction, USCIS moves on to the "no risk" determination. *Id.* USCIS followed this process for Plaintiff, who failed to provide evidence of his arrest and conviction. (Doc. 1-1, pp. 2–8.)

Thus, the Motion to dismiss for lack of jurisdiction is due to be granted as to Plaintiff's claims that USCIS erred in applying the Adam Walsh Act to him and assessing whether he posed "no risk" to the beneficiary.[2]

**B.      Failure to State a Claim**

With that, the only claim remaining is Plaintiff's Fifth Amendment equal protection challenge.[3] Plaintiff maintains that the Adam Walsh Act should not apply to him because he is in a same sex couple so there is no legitimate government interest in protecting children at stake. (Doc. 1, para 27; Doc. 16, pp. 5–6.) This argument fails.

"The role of the courts in analyzing an equal protection challenge to a federal immigration statute is limited to determining whether the statute at issue is conceivably related to the achievement of the federal interest." *Bains v. United States*, No. 1:13CV1014, 2014 WL 3389117, at *4 (N.D. Ohio July 9, 2014) (quoting *Almario v. Att'y Gen.*, 872 F.2d 147, 152 (6th Cir. 1989)). The goal of the Adam Walsh Act, in addition to protecting children, is also to protect the public from sex offenders and discourage the commission of future sex crimes against minors. *See id.* (citing 42 U.S.C. § 16901). As such, the Adam Walsh Act is "conceivably related to the achievement of a federal interest," and its

---

[2] *See also, e.g.*, *Gebhardt v. Nielsen*, 879 F.3d 980, 987 (9th Cir.), *cert. denied*, 139 S. Ct. 330 (2018); *Cortes v. Sessions*, No. 17-CV-1773-PJH, 2017 WL 4865563, at *5–6 (N.D. Cal. Oct. 27, 2017); *Suhail*, 2015 WL 7016340, at *5–7; *Bittinger v. Johnson*, No. 1:14-CV-1560, 2015 WL 3842649, at *3 (M.D. Pa. June 22, 2015); *Beeman v. Napolitano*, No. 10–803, 2011 WL 1897931, at *3 (D. Or. May 17, 2011).

[3] Plaintiff does not argue that Defendants violated his fundamental right to marry, but the Court notes that such challenges have also been rejected by courts because citizens do not have a constitutional right to have their alien spouses remain in this country. *E.g.*, *Makransky v. Johnson*, 176 F. Supp. 3d 217, 227 (E.D.N.Y. 2016); *Bremer*, 834 F.3d at 932.

application to Plaintiff's Form I-130 Petition is not unconstitutional. *Id.* Plaintiff's constitutional claim is therefore rejected, and the Motion is granted on these grounds.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Federal Defendants' Motion to Dismiss (Doc. 14) is **GRANTED**:

    a.  Plaintiff's claims that Defendants failed to follow their own procedures are **DISMISSED FOR LACK OF JURISDICTION**. (Doc. 1, ¶¶ 23–26, 28–31.)

    b.  Plaintiff's constitutional challenge is **DISMISSED WITH PREJUDICE** for failure to state a claim. (Doc. 1, ¶¶ 27, 28–31.)

2.  The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 2, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record